**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**J.G. BERNARD,**

    **Plaintiff,**

**vs.**                                                      **Case No. 4:17cv322-WS/CAS**

**CHARLES ROSENBERG, et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, initiated this case in July 2017 by filing a motion requesting leave to proceed with in forma pauperis status, ECF No. 2, and a petition for writ of mandamus, ECF No. 1. The petition concerned Plaintiff's claim of a massive theft of pharmaceuticals from an unidentified prison pharmacy. *Id.*

There were several problems with those initial filings, however. First, the petition, ECF No. 1, was not signed. Thus, it does not comply with Federal Rule of Civil Procedure 11 and Plaintiff was ordered to file a proper complaint containing his signature. ECF No. 4. Plaintiff was advised that Rule 11 requires the Court to "strike an unsigned paper unless the

omission is promptly corrected after being called to the . . . party's attention." See ECF No. 4. Plaintiff was first given until August 23, 2017, to correct that deficiency. When he had not complied as of September 7, 2017, another Order was entered directing him to file a complaint, on the proper complaint form, no later than October 10, 2017. ECF No. 10. As of this date, Plaintiff still has not complied.

Instead, Plaintiff filed another "motion to supplement, amend, change, and expedite the proceeding." ECF No. 11. That motion is similar to Plaintiff's earlier "motion to expedite the proceeding," ECF No. 5, which was denied. ECF No. 10. This successive motion should also be denied for the same reason: because Plaintiff has not complied with the orders to file a proper complaint, there is nothing to expedite.

Plaintiff's motion contends that he has not filed a complaint as required because he is "not seeking any relief from injuries inflicted upon him from civil rights violations." ECF No. 11 at 1. He contends this is not a civil rights case but "an extra-ordinary writ of mandamus proceeding that seeks the court ordered public disclosure of massive theft of moreso street popular, federally controlled pharmaceuticals that are being stolen from various government institutions like jails and prison[s]." Id. at 2.

"The writ of mandamus 'is a drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380, 124 S. Ct. 2576, 2586, 159 L. Ed. 2d 459 (2004); *see also* In re Townsend, 679 F. App'x 802, 804 (11th Cir. 2017). "As the writ is one of 'the most potent weapons in the judicial arsenal,' . . . three conditions must be satisfied before it may issue." Cheney, 542 U.S. at 380, 124 S. Ct. at 2587 (citing Kerr v. United States Dist. Court for Northern Dist. of Cal., 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976), and Will v. United States, 389 U.S. 90, 107, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967)). First, "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires . . . ." Cheney, 542 U.S. at 380-81, 124 S.Ct. at 2587. Second, a petitioner has the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.'" 542 U.S. at 381, 124 S. Ct. at 2587. If the first two requirements are met, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.* The hurdles are "demanding" and, in this case, are not met.

First, Petitioner ignores the fact that he has not filed a sufficient, or permissible, petition for writ of mandamus. His case initiating petition is not

signed.  He was advised that the Court "must strike an unsigned paper" under Rule 11.  The omission was called to his attention and he has not corrected that deficiency.

Moreover, the allegations presented in all papers submitted in this case are conclusory and unsupported by any specific facts.  There are no allegations which show Plaintiff has standing to raise his claims in this Court.  There are no allegations which demonstrate that venue is appropriate in the Northern District of Florida considering the fact that Plaintiff filed this case while residing in Pennsylvania and his current address is in Texas.  No address has been provided for any Defendant, but Plaintiff cited to issues with "8 California prison guards . . . ."  ECF No. 1 at 2, 8.  Thus, beyond the fact that there is not a valid petition before this Court, Petitioner has refused to file either a complaint or an amended petition, there is no indication that venue is appropriate in the Northern District of Florida.

**RECOMMENDATION**

For all these reasons, it is respectfully **RECOMMENDED** that this case be summarily **DISMISSED** and all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 13, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**